UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MT. HAWLEY INSURANCE COMPANY,

          Plaintiff,

    v.

AIM SECURITY GROUP, LLC,

          Defendant.
-------------------------------------------------------X

Case No. 1:23-cv-3950-LGS

[PROPOSED]
**DEFAULT JUDGMENT**

This action was commenced by the filing of the Summons and Complaint on May 11, 2023 (ECF Dkt. No. 1). Copies of the Summons and Complaint was served by personal delivery on Defendant as follows:

1. On June 1, 2023, defendant AIM Security Group, LLC ("Defendant") was served with true and correct copies of the Summons and Complaint at 11519 Meadowrun Circle, Fort Myers, Florida 33913, the Defendant's actual place of business and registered address for accepting service of process, upon Ronald Miller, the Defendant's principal authorized to accept service of such documents. (ECF Dkt. No. 10).

2. Ronald J. Miller is <u>not</u> an infant nor incompetent; Ronald Miller is the adult, competent principal of the Defendant corporate entity sued within.

3. According to the Affidavit of Service filed on the docket in this matter, the Defendant – served on June 1, 2023 – was required to appear, retain counsel, interpose an answer, or otherwise move with respect to Plaintiff's complaint by June 22, 2023, and to date, has not done so.

4. On August 22, 2023, Plaintiff filed a request for Certificate of Default to be entered as against Defendant, and the Default of the Defendant was duly entered on the

docket by the Clerk of Court on August 23, 2023 (ECF Dkt. No. 21).

5. At no time since issuance of the above-referenced Certificate has Defendant appeared on this matter, nor has Defendant retained counsel to appear, respond, or defend on its behalf.

6. The time for Defendant to appear or defend in this matter or retain counsel to do so on Defendant's behalf has expired, and Defendant has not requested an extension of time to do so, or otherwise indicated any desire to appear or defend in this matter.

7. Defendant AIM Security Group, LLC has been properly served, and is aware of the Complaint in this matter, and of this pending litigation against it, and has failed to appear, defend in this matter, or retain counsel to defend on its behalf.

8. Accordingly, it is hereby:

The Complaint (Dkt. 1) seeks declaratory judgment that Plaintiff has no duty to defend or indemnify Defendant in connection with an underlying action pending in the Circuit Court of Florida, *Tyanna Brown et al. v. Cypress Courts Associates, LTD d/b/a Cypress Courts Apartments et al.*, No. 23-CA-000023.  Service was made on Defendant on June 1, 2023 (Dkt. 10). Defendant has not appeared in this action or otherwise responded to the Complaint.  Defendant consented to personal jurisdiction by this Court in its insuring agreement with Plaintiff (Dkt. 1-1 at 72).  S*ee Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. UPS Supply Chain Sols., Inc.*, 74 F.4th 66, 76 (2d Cir. 2023) ("Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements.").

"[A] defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint" but "a district court need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citations omitted).  "[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Id.; accord Jordan v. Books*, No. 22 Civ. 6154, 2023 WL 4363003, at *2 (S.D.N.Y. July 6, 2023).

The Complaint adequately alleges that Defendant entered into a valid and enforceable contract with Plaintiff through the parties' insuring agreement.  The agreement establishes that Plaintiff will "pay those sums that [Defendant] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies" and "will have the right and duty to defend against any 'suit' seeking" "damages because of 'bodily injury' or 'property damage' to which this insurance applies" but has "no duty to defend the insured against any 'suit' seeking 'bodily injury' or 'property damage' to which this insurance does not apply."  The contract states that the insurance "does not apply to 'bodily injury' or 'personal and advertising injury'" arising out of "any and all operations involving low income housing, government owned housing, HUD housing and Section 8 housing," "regardless if whether [the operations are] conducted by [Defendant] or on [Defendant's] behalf or whether [the operations are] conducted for [Defendant] or others."  The contract also states that the insurance "does not apply to, nor is there a duty to defend, any claim or 'suit' seeking damages or injunctive relief because of 'bodily injury', 'property damage' or 'personal and advertising injury', directly or indirectly, in any way, (i) arising out of, (ii) involving; (iii) relating to; or (iv) in connection with, any of the following: (1) 'Abuse or Molestation'; or (2) Any allegation of negligent or intentional: (a) Hiring (b) Employment (c) Investigation (d) Supervision (e) Reporting to the proper authorities; or failure to so report; or (f) Retention of a person who is alleged to have committed 'abuse or molestation' or of any entity that is alleged to be responsible for 'abuse or molestation,' and for which any insured is alleged to be legally responsible."  The Complaint alleges that Defendant provided security services at a Section 8 housing facility.  The Complaint alleges that Defendant now is the subject of an action in the Circuit Court of Florida alleging negligent security, negligent supervision, negligent retention and negligent hiring related to those services because Defendant knew or should have known of abuse at the housing facility and that one of Defendant's security guards witnessed the abuse but did nothing because she was having an intimate relationship with the actor.  The Complaint also alleges that Defendant disagrees with Plaintiff's position regarding coverage exclusions.

Default judgment is granted on Plaintiff's declaratory judgment claim.

**ORDERED, ADJUDGED AND DECREED**: That Plaintiff Mt. Hawley Insurance Company has a default judgment against Defendant AIM Security Group, LLC; and it is accordingly declared that Mt. Hawley has no obligation to defend or indemnify AIM Security Group, LLC in connection with any claims in the underlying action entitled *Tyanna Brown et al. v. Cypress Courts Associates, LTD d/b/a Cypress Courts Apartments et al.*, Case No. 23-CA-000023, pending in the Circuit Court of the State of Florida, Lee County.

**SO ORDERED**: this  26 day of  October , 2023.

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**